FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 15 2020

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 6:20-CR-04 |
| | § | JUDGES JDK/KNM |
| DARREN MICHAEL MASSEY | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation:  21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute Methamphetamine)

On or about November 4, 2019, in the Eastern District of Texas, defendant **Darren Michael Massey**, did knowingly and intentionally possess with intent to distribute 5 grams or more, but less than 50 grams of actual methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT TWO

<u>Violation</u>: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about November 4, 2019, in the Eastern District of Texas, defendant **Darren Michael Massey**, did knowingly possess, in or affecting interstate or foreign commerce, a firearm, to wit: a Heritage Arms, model Rough Rider, .22 caliber revolver, while knowing he had been convicted of an offense punishable by a term of imprisonment exceeding one year, specifically: Conspiracy to Possess with Intent to Distribute and Distribution of More than 200 Grams but Less than 350 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a felony, in the United States District Court for the Eastern District of Texas, Tyler Division, in cause number 6:14-CR-13, on November 18, 2015.

In violation of 18 U.S.C. § 922(g)(1).

## COUNT THREE

<u>Violation</u>: 18 U.S.C. § 924(c)
(Use, Carrying, and Possession of a
Firearm During and in Furtherance of a
Drug Trafficking Crime)

On or about November 4, 2019, in the Eastern District of Texas, defendant **Darren Michael Massey**, did knowingly use and carry a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute methamphetamine as charged in Count One of this indictment. The firearm was a Heritage Arms, model Rough Rider, .22 caliber revolver.

In violation of 18 U.S.C. § 924(c).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) & 28 U.S.C. § 2461

As the result of committing the foregoing offenses alleged in this indictment, the defendant herein shall forfeit to the United States, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violations; and

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

### Firearms/Ammunition:

Any and all firearms, ammunition and accessories, including, but not limited to, the following:

1. Heritage Arms, model Rough Rider, .22 caliber revolver, bearing serial number U33159
2. 272 rounds of Remington .22 caliber ammunition

### Cash Proceeds

A sum of money equal to $1,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendants as a result of the offense(s) alleged in this indictment, for which the defendants are personally liable.

### Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value or;

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above

forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

A TRUE BILL,

_____01/15/2020_____     _____MF_____
Date                       FOREPERSON OF THE GRAND JURY


JOSEPH D. BROWN
UNITED STATES ATTORNEY

_/s/ Lucas Machicek_____
LUCAS MACHICEK
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | NO. 6:20-CR-____ |
| | § | JUDGES _____ |
| DARREN MICHAEL MASSEY | § | |

## NOTICE OF PENALTY

### COUNT ONE

Violation:  21 U.S.C. § 841(a)(1)

Penalty:  If 5 grams or more, but less than 50 grams of actual methamphetamine - imprisonment for not less than 5 or more 40 years, a fine not to exceed $5,000,000, or both, and a term of supervised release of at least 4 years.

If a defendant has a previous final conviction for a serious drug felony, said defendant shall be imprisoned not less than 10 years or more than life; a fine not to exceed $10,000,000, or both; and a term of supervised release of at least 8 years.

Special Assessment:  $100.00

### COUNT TWO

Violation:  18 U.S.C. § 922(g)(1)

Penalty:  Imprisonment for not more than 10 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years.

Special Assessment:  $100.00

Indictment - Page 6 of 7

## COUNT THREE

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) |
| Penalty: | Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both, and supervised release of not more than 5 years. |
| Special Assessment: | $100.00 |